## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHAMARCUS STOCKTON, | DOCKET NUMBER |
| Appellant, | DA-0752-13-1025-B-2 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: April 23, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael D.J. Eisenberg</u>, Esquire, Washington, D.C., for the appellant.

<u>Gloria Briseno</u>, Texarkana, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which found that he failed to prove his affirmative defense of equal employment opportunity (EEO) retaliation and readopted the previous findings that the agency proved its charges and the penalty was reasonable. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the analysis of the appellant's affirmative defense of retaliation for EEO activity, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as an Information Technology (IT) Specialist (Network/Infosec). *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-I-1, Initial Appeal File (IAF), Tab 3 at 8. In November 2012, he told an agency employee responsible for processing personnel matters that he applied for a noncompetitive promotion and questioned why he was not on the list of best-qualified candidates. *Id*. at 76, 101. Upon hearing that the agency could not locate his application, he submitted both what he claimed was a letter acknowledging his application and a screenshot indicating that the status for his application to the position was unavailable. *Id*.; *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-I-3, Appeal File (I-3 AF), Tab 5 at 19-20.

On January 15, 2013, the appellant initiated contact with an agency EEO counselor. *Id*. at 33. He asserted that the agency did not select him for the promotion because of discrimination on the basis of race and age. *Id*. at 33-37. He later elected not to file a formal EEO complaint. *Id*. at 26. He also testified

in February 2013 in his coworker's Board appeal, in which his coworker raised a discrimination claim. *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-B-2, Remand File (B-2 RF), Tab 24, Hearing Compact Disc (B-2 HCD) at 28:00-28:50 (testimony of the appellant).[2]

The agency ordered an inquiry to determine whether the appellant provided altered or falsified documents in an attempt to obtain eligibility for consideration for the promotion. IAF, Tab 3 at 57-61. The appellant told the inquiry officer and another agency employee that he failed to receive consideration for the promotion because of a computer glitch. *Id*. at 58; I-3 AF, Tab 5 at 65. After conducting the inquiry, the inquiry officer concluded that preponderant evidence established that the appellant submitted an altered acknowledgment letter in an attempt to obtain eligibility for consideration for the promotion and that the appellant's assertion that a computer glitch had affected his application submission and acknowledgment letter was not credible. IAF, Tab 3 at 60.

On April 10, 2013, the agency proposed to remove the appellant on the basis of the following charges: (1) he provided the agency with an altered email, "Subject: Re: Acknowledgment of Occupational Questionnaire," to support his assertion that he applied, but failed to receive consideration, for a position; and (2) lack of candor when he told an agency official and an inquiry officer that a computer glitch was the reason his acknowledgment email appeared different from those of other applicants. *Id*. at 20, 55-56. The appellant responded both orally and in writing. *Id*. at 15-54. After considering the responses, the agency imposed the appellant's removal, effective June 29, 2013. *Id*. at 9-14. He filed the instant appeal challenging his removal. IAF, Tab 1.

After conducting the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal. *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-I-3, Initial Decision (I-3 ID)

_____

[2] On cross-examination, the administrative judge clarified that the appellant testified in a mixed-case before the Board. I-3 HCD at 45:03-45:15 (statement of the administrative judge).

(May 29, 2015); I-3 AF, Tab 30. The appellant filed a petition for review, and the agency responded in opposition to his petition. *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-I-3, Petition for Review (PFR) File, Tabs 1, 3.

The Board issued a remand order granting the appellant's petition for review, vacating the initial decision, and remanding the appeal for further adjudication. *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-I-3, Remand Order (Oct. 9, 2015) (Remand Order); PFR File, Tab 4. The Board determined that the administrative judge assigned to the appeal at the time properly sustained the charges and found that the agency established nexus. Remand Order, ¶ 6-18. Citing *Gath v. U.S. Postal Service*, 118 M.S.P.R. 124, ¶ 11 (2012), which in turn cites *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010), the Board found that the administrative judge failed to identify the appellant's affirmative defense of EEO retaliation in his prehearing conference summary, provide the appellant with notice of his burden for establishing this defense, or address it in the initial decision. *Id.*, ¶ 19-21. Thus, the Board vacated the administrative judge's decision sustaining the removal and remanded the appeal for adjudication of the affirmative defense, stating that, if the administrative judge denied the affirmative defense, he could readopt the previous findings concerning the charges and the penalty.[3] *Id.*, ¶ 21.

---

[3] After the issuance of the remand order, the Board issued *Thurman v. U.S. Postal Service*, 2022 MSPB 21. In *Thurman*, the Board overruled the underlying finding in *Wynn* that the Board must *sua sponte* raise the issue of whether an appellant waived or abandoned an affirmative defense. *Thurman*, 2022 MSPB 21, ¶ 17 n.6. Instead, the Board stated that, in determining whether an administrative judge erred in not addressing an appellant's affirmative defenses such that remand is necessary, the Board will examine a number of factors that are instructive as to the ultimate question of whether an appellant demonstrated his intent to continue pursuing his affirmative defense, and whether he conveyed that intent after filing the initial appeal. *Id.*, ¶¶ 17-18. We find it unnecessary to revisit the Board's remand order in the instant appeal. Regardless of whether *Thurman* would have precluded the appellant from further pursuing his EEO retaliation claim, we find that he failed to establish this claim on remand.

On remand, the case was assigned to a new administrative judge. She provided the appellant with notice of his burden for establishing EEO retaliation and ordered the parties to submit specific evidence and argument in support of their burdens of proof with respect to the defense. B-2 RF, Tab 4. Both the appellant and the agency responded. B-2 RF, Tabs 11, 14. After conducting a hearing on the issue of EEO retaliation, the administrative judge found that the appellant failed to establish this affirmative defense and adopted the previous findings sustaining the charges and determining that the penalty was reasonable. *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-B-2, Remand Initial Decision (RID) at 4-11 (Feb. 20, 2018); B-2 RF, Tab 25.

The appellant has filed a petition for review, and the agency has responded in opposition to his petition. *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-B-2, Remand Petition for Review (RPFR) File, Tabs 1, 3. The appellant has filed an untimely reply, which, as described in further detail below, we have not considered. RPFR File, Tab 18.

## DISCUSSION OF ARGUMENTS ON REVIEW

We have not considered the appellant's untimely reply.

Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. 5 C.F.R. § 1201.114(e). The Board will grant a motion for extension of time to file a pleading, such as a reply, only if the party submitting the motion shows good cause. 5 C.F.R. § 1201.114(f). The Board has the discretion to grant or deny such a motion. *Id*. Motions for extensions must be filed with the Clerk of the Board on or before the date on which the petition or other pleading is due. *Id*. Additionally, any untimely pleading that is filed late must be accompanied by a motion that shows good cause for the untimely filing, unless the Board has specifically granted an extension of time or a motion for extension is pending before the Board. 5 C.F.R. § 1201.114(g).

The agency filed its response via e-Appeal, and it was served electronically on the appellant on April 16, 2018. RPFR File, Tab 3. Thus, the appellant's reply was due on April 26, 2018. *See* 5 C.F.R. § 1201.114(e). In the ensuing period, the appellant timely filed, and the Office of the Clerk of the Board granted, four motions for extensions of time through July 5, 2018. RPFR File, Tabs 4-5, 7, 9, 10-13.

On July 5, 2018, the appellant filed a motion in which his attorney asked that the Office of the Clerk of the Board grant him until July 9, 2018, to file his reply. RPFR File, Tab 14. His attorney asserted that he did not receive the hearing transcript until June 27, 2018, and that he had a "24-hour bug" that he caught, beginning July 3, 2018, that diminished his ability to work on the reply. *Id*. at 4-5. On the day of the appellant's request, the Office of the Clerk of the Board denied the request and stated that the reply was due on that date. RPFR File, Tab 15. The appellant did not timely file his reply on July 5, 2018, and instead, on July 9, 2018, he filed a reply, accompanied by a motion to file out of time or reopen the record. RPFR File, Tabs 16-18.

In his motion to file out of time or reopen the record, the appellant's attorney argued that we should grant his previously requested extension and consider his reply on the basis of the extraordinary circumstances of his nonreceipt of the hearing transcripts until June 27, 2018, and the "24-hour bug." RPFR File, Tab 16 at 4-5. We find that the appellant has not demonstrated good cause for his untimely filing because, even if we excluded 1 day for his attorney's illness, the attorney still had 7 calendar days after its receipt to prepare his reply. *See Moyer v. Office of Personnel Management*, 67 M.S.P.R. 378, 380-81 (1995) (finding that the appellant did not establish good cause for the 3-day delay in filing her petition for review on the basis of her attorney's assertion that she had a heavy workload and was ill when the attorney did not explain why her various medical conditions prevented her from filing on time and she worked on other

cases during the week that the petition was due). Accordingly, we have not considered the appellant's reply in rendering our decision.

<u>The administrative judge properly found that the appellant failed to prove his affirmative defense of EEO retaliation.</u>

The appellant asserts that the administrative judge failed to articulate and apply the "convincing mosaic" test and did not consider all relevant factors. RPFR File, Tab 1 at 5-6. He asserts that the administrative judge failed to consider all of the facts in the context of one another as is required by *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *clarified by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016), *and clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, including suspect timing, rushed decisions, and a questionable investigation.[4] *Id*. at 6. In fact, the administrative judge applied the former burden-shifting standard, which has been superseded by intervening case law. We therefore modify the initial decision to apply the correct standard.

The appellant may prove his affirmative defense of retaliation for opposing race and age discrimination by showing that his protected activity was a

---

[4] For the first time on remand, the appellant appeared to argue that the agency discriminated against him on the basis of race and age when it removed him. B-2 RF, Tab 11 at 8-9. On review, he argues that he was assigned work outside of his job description and the agency denied his request for a job audit. RPFR File, Tab 1 at 7 n.3. He also asserts that he was "one of few minorities" in his workplace. *Id*. He asserts that, despite his having raised these issues in his declaration, the administrative judge did not fully develop them. *Id*. The appellant's declaration does not address these allegations. IAF, Tab 3 at 30-32. Further, he did not raise these issues in his initial appeal, his closing argument, or his first petition for review. IAF, Tab 1; I-3 AF, Tab 29; PFR File, Tab 1. The remand order limited the administrative judge's consideration to the EEO retaliation issue. Remand Order, ¶ 21. Thus, the administrative judge was not required to address the appellant's claims of age and race discrimination, and we also do not consider these claims. *See Sanchez v. Department of Justice*, 14 M.S.P.R. 79, 82 (1982) (stating that, when the appellant only raised a claim of discrimination on the basis of national origin in his original appeal and the Board's remand order only referred to an assertion of discrimination on this basis, the presiding official did not err when, on remand, he refused to accept evidence related to a claim of discrimination on a different basis).

motivating factor in the agency's decision to remove him. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22. The appellant may meet this burden by submitting any combination of direct or indirect evidence, including: (a) evidence of "suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn," also known as "convincing mosaic"; (b) comparator evidence, consisting of "evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic . . . on which an employer is forbidden to base a difference in treatment received systematically better treatment;" or (c) evidence that the agency's stated reason for its action is "unworthy of belief, a mere pretext for discrimination."[5] *Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

The appellant asserts that the agency's timing is suspicious because the agency launched an investigation against him 1 week after he initiated contact with an EEO counselor. RPFR File, Tab 1 at 6; I-3 AF, Tab 5 at 33. He also asserts that he testified on behalf of his coworker in the coworker's mixed-case Board appeal on February 3, 2013, and was informed of the investigation shortly thereafter on February 15, 2013. RPFR File, Tab 1 at 6-7. We agree with the administrative judge that, although the appellant's EEO complaint and testimony at the coworker's hearing were close in time to the agency's investigation into his misconduct and his removal, this timeline did not, in itself, establish that his EEO activity was a motivating factor in these agency actions. RID at 9-10. As the

---

[5] To the extent that the administrative judge informed the appellant that he could establish his claim of EEO retaliation through direct evidence or any of the three types of circumstantial evidence, the Board has since clarified that an appellant may establish his claim through direct or circumstantial evidence, alone or in combination. *Pridgen*, 2022 MSPB 31, ¶ 24. In any event, the record reflects that the administrative judge properly considered the evidence as a whole and did not disregard any evidence because of its direct or circumstantial nature, or hold the appellant to too high a standard. RID at 4-10. Therefore, we discern no basis to grant review because of this error. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

administrative judge found, the agency investigation was prompted by the Office of Personnel Management (OPM) indicating in late January 2013 that the letter from the appellant appeared to be altered, and there is no evidence that OPM was aware of the appellant's EEO activity. RID at 10; IAF, Tab 3 at 78-81. Further, as the administrative judge stated, it was reasonable for the agency to act shortly after it received information from OPM. *Id.* Thus, we agree with her finding that this timing alone was insufficient to prove that the agency was motivated by retaliation.

Next, the appellant argues that, in addressing his claim of discrimination, the administrative judge did not consider that the agency failed to search nationwide for similarly situated employees. RPFR File, Tab 1 at 7-8 (citing *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100 (2010), *abrogated on other grounds as recognized in Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶¶ 10-11 (2015)). However, *Woebcke* addressed the appropriate standard for a claim of disparate penalties, i.e., a claim that an agency imposed a greater penalty on an appellant than another employee without a claim of prohibited discrimination. *Woebcke*, 114 M.S.P.R. 100, ¶ 20. Here, to be similarly situated for purposes of his disparate treatment claim alleging discrimination or EEO retaliation, comparators must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *See Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶¶ 6, 8 (2014). Thus, the agency was not required to conduct a nationwide search for similarly situated employees.[6]

The appellant also challenges the agency's legitimate security interest in removing him because the appellant argues that the individual that the agency

---

[6] Furthermore, the Board has recently overruled *Woebcke* in *Singh v. U.S. Postal Service*, 2022 MSPB 15, and concluded that, as pertinent here, relevant comparators for purposes of a disparate penalties analysis generally work in the same unit and supervisory chain, *id.*, ¶ 13.

appointed to investigate his misconduct was inexperienced and admitted that if he had done a more thorough investigation, his opinion in his report would have changed. RPFR File, Tab 1 at 9-10. The record does not support his contention. When the Chief of Skills Development, who served as the investigator, was asked during the hearing whether additional information would have changed his conclusion that the appellant had submitted an altered acknowledgment letter in an attempt to obtain consideration for the position, he testified that he did not feel his inquiry was incomplete and additional information would not have changed his conclusion. I-3 HCD at 04:11:50-04:13:55. On remand, the appellant's counsel asked the Chief of Skills Development whether he testified in the prior hearing that his opinion would have changed had he done a more thorough investigation, and he again answered in the negative. B-2 HCD at 01:45:48-01:46:03 (testimony of the Chief of Skills Development). Thus, the appellant's assertion that the Chief of Skills Development admitted that his opinion would have changed is not supported by the record. Further, there is no evidence that any alleged lack of experience as an investigator affected the result of the investigation. Thus, the appellant's arguments regarding the investigator are not persuasive.

Additionally, the appellant asserts that the administrative judge failed to consider all of the evidence, such as his allegation that he was receiving an unfair and perhaps discriminatory workload and his participation in the Board appeal of his coworker, who he identifies as a minority employee.[7] RPFR File, Tab 1 at 11. The administrative judge considered that the appellant participated in the other employee's Board appeal. RID at 6-10. Further, her failure to mention all of the evidence of record does not mean that she did not consider it in reaching her

---

[7] The appellant has not asserted a claim of whistleblower retaliation under 5 U.S.C. § 2302(b)(9)(B) for testifying for or otherwise lawfully assisting any individual in the exercise of rights under 5 U.S.C. § 2302(b)(9)(A)(i) or (ii), and the Board did not remand the appeal for consider of such a claim. Remand Order, ¶¶ 19-20; IAF, Tab 1; *see Sanchez*, 14 M.S.P.R. at 82.

decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant presents a number of other arguments challenging the remand initial decision. He asserts that the agency targeted him for extreme punishment by beginning a full-blown investigation against him rather than contacting human resources to get clarification regarding his job application. RPFR File, Tab 1 at 7. Additionally, he points to the declaration of a coworker, different from the one on whose behalf he testified, in which the second coworker stated that he felt the appellant was fired in retaliation for his testimony on behalf of the first coworker.[8] *Id*. at 7 n.3; I-3 AF, Tab 16 at 104. The appellant also contends that the deciding official's argument that she lost trust in his ability to perform his duties is belied by the fact that he was able to carry on his duties, which included access to classified information, for over 4 months after the alleged incident. RPFR File, Tab 1 at 8. He observes that the agency did not file any criminal actions against him. *Id*. at 8-9. Further, he states that if the deciding official was concerned about trusting him, she should have assigned his case to a more experienced investigator or scrutinized the investigative report. *Id*. at 9-10. Finally, the appellant points to further evidence of retaliation in that, although the penalty of removal was appropriate under the agency's table of penalties, it was an extreme action considering the lack of strong evidence against him. *Id*. at 11-12.

The administrative judge found that the agency acted reasonably, the record supported its conclusions from the investigation, the sustained charges were serious and directly related to the appellant's duties and responsibilities as an IT Specialist, and, although agency officials knew of the appellant's EEO activity,

---

[8] The second coworker's declaration actually characterized that the appellant was being retaliated against for "not testifying against" his first coworker regarding illegal use of wireless devices and stated that the regulation was violated by almost all personnel within the Red River Army Depot, Directorate of Information Management when they used their cellular phones within the walls of the building. I-3 AF, Tab 16 at 104.

they credibly denied that they were motivated by retaliation. RID at 9-10. The appellant's arguments largely reflect disagreement with the administrative judge's findings, and thus they do not provide a reason for disturbing the initial decision.[9] RID at 9-10; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). We agree with the administrative judge's conclusion that the appellant failed to show that his EEO activity was a motivating factor in the agency's decision to remove him.[10]

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[9] The appellant asserts that another employee stated that the Director of Information Management and other members of management told him that the appellant was too young for his position. RPFR File, Tab 1 at 7, n.3. Pursuant to the Age Discrimination in Employment Act of 1967, to establish an affirmative defense of age discrimination, an employee must prove, *inter alia*, that he is 40 years old or older. 29 U.S.C. § 633a(a); *see Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 7 (2012). Because the appellant is under 40 years of age, to the extent that he is asserting a claim of age discrimination that we could consider, such a claim would not succeed. B-2 RF, Tab 14 at 41.

[10] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.